IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-cv-116

| | |
|---|---|
| **EDWIN TARLEY, JR., and EPHRAIM WREH**, Each Individually and on Behalf of All Others Similarly Situated | **PLAINTIFFS** |
| vs. | |
| **ENVIRONMENTAL SPECIALTIES INTERNATIONAL, INC.** | **DEFENDANT** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiffs Edwin Tarley, Jr., and Ephraim Wreh (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action ("Complaint") against Defendant Environmental Specialties International, Inc. ("Defendant"), state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2. Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's policy and practice of failing to pay proper overtime wages under the FLSA.

Page 1 of 11
Edwin Tarley, Jr., et al. v. Environmental Specialties International, Inc.
U.S.D.C. (E.D.N.C.) No. 4:22-cv-116
Original Complaint—Collective Action

Case 4:22-cv-00116-M-RJ   Document 1   Filed 09/28/22   Page 1 of 11

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of North Carolina has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts and omissions complained of herein occurred in the Eastern Division of this District. Therefore, venue is proper within the Eastern Division pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff Edwin Tarley, Jr. ("Tarley"), is an individual and resident of Clark County, Nevada.

6. Plaintiff Ephraim Wreh ("Wreh") is an individual and resident of Escambia County, Florida.

7. Defendant is a foreign for-profit corporation

8. Defendant's registered agent for service of process is Darrell Ray Phillips at 1929 Sweetwater Road, Robbinsville, North Carolina 28771.

9. Defendant maintains a website at https://esiliners.com/.

## IV. FACTUAL ALLEGATIONS

10. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as vehicles and fuel.

Page 2 of 11
Edwin Tarley, Jr., et al. v. Environmental Specialties International, Inc.
U.S.D.C. (E.D.N.C.) No. 4:22-cv-116
Original Complaint—Collective Action
Case 4:22-cv-00116-M-RJ   Document 1   Filed 09/28/22   Page 2 of 11

11. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

12. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

13. At all times material herein, Plaintiffs have been classified by Defendant as nonexempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and have been paid an hourly rate.

14. Defendant employed each Plaintiff within the three years preceding the filing of this Complaint.

15. Specifically, Defendant employed Tarley as an hourly-paid Liner Technician from March of 2022 until May of 2022.

16. Defendant employed Wreh as an hourly-paid Forklift Operator from March of 2022 until May of 2022.

17. Plaintiffs worked at Defendant's facilities in South Aurora.

18. Plaintiffs' direct supervisor was Peter Ochse.

19. Within the three years preceding the filing of this Complaint, Defendant also employed other hourly-paid employees who performed work necessary to its business who were supervised by Peter Ochse (hereinafter, "Hourly Employees").

20. At all relevant times herein, Defendant directly hired Plaintiffs and other Hourly Employees to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

Page 3 of 11
Edwin Tarley, Jr., et al. v. Environmental Specialties International, Inc.
U.S.D.C. (E.D.N.C.) No. 4:22-cv-116
Original Complaint—Collective Action
Case 4:22-cv-00116-M-RJ   Document 1   Filed 09/28/22   Page 3 of 11

21. Plaintiffs and other Hourly Employees recorded their hours via Defendant's electronic timekeeping system.

22. Defendant regularly paid Plaintiffs for fewer hours than they submitted.

23. Peter Ochse regularly clocked out Plaintiffs while they were still working, or retroactively adjusted Plaintiffs' hours to reflect fewer hours than they actually worked.

24. Upon information and belief, Peter Ochse also regularly clocked out other Hourly Employees while they were still working or retroactively adjusted their hours to reflect fewer hours than they actually worked.

25. Due to Defendant's practice of shaving the hours of Plaintiffs and other Hourly Employees, they worked hours which went uncompensated.

26. Plaintiffs regularly worked hours over 40 in a week.

27. Upon information and belief, other Hourly Employees also regularly or occasionally worked hours over 40 in a week.

28. Defendant knew or should have known that Plaintiffs and other Hourly Employees were working over 40 hours in some weeks.

29. Plaintiffs hours were artificially reduced in weeks in which they also worked over 40 hours.

30. Upon information and belief, the hours of other Hourly Employees were also artificially reduced in weeks in which they also worked over 40 hours.

31. At all relevant times herein, Defendant has deprived Plaintiffs and other Hourly Employees who were supervised by Peter Ochse of compensation for all hours worked, including an overtime premium of 1.5x their regular hourly rate for all hours worked over 40 each week.

Page 4 of 11
Edwin Tarley, Jr., et al. v. Environmental Specialties International, Inc.
U.S.D.C. (E.D.N.C.) No. 4:22-cv-116
Original Complaint—Collective Action

Case 4:22-cv-00116-M-RJ   Document 1   Filed 09/28/22   Page 4 of 11

32. The net effect of Defendant's practices and policies as described above, is that Defendant intentionally failed to record all of Plaintiffs' time worked in order to avoid paying them for all hours worked.

33. Defendant made no reasonable efforts to ascertain and comply with applicable law.

34. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

35. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

  A. Regular wage and overtime premiums for all hours worked over forty in any week;

  B. Liquidated damages; and

  C. Attorney's fees and costs.

36. Plaintiffs propose the following class under the FLSA:

> **All Hourly Employees who were supervised by Peter Ochse within the past three years.**

37. In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

38. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward

Page 5 of 11
Edwin Tarley, Jr., et al. v. Environmental Specialties International, Inc.
U.S.D.C. (E.D.N.C.) No. 4:22-cv-116
Original Complaint—Collective Action

Case 4:22-cv-00116-M-RJ   Document 1   Filed 09/28/22   Page 5 of 11

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

39. The members of the proposed FLSA collective are similarly situated in that they share these traits:

   A. They were paid hourly;

   B. They were supervised by Peter Ochse;

   C. They recorded their time in the same manner;

   D. They were not paid for all of the hours that they submitted;

   E. They were subject to Defendant's practice of clocking them out while they were still working; and

   F. They worked more than 40 hours in at least one week in the past 3 years.

40. Plaintiffs are unable to state the exact number of the collective but believes that the collective exceeds 15 persons.

41. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

42. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

43. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI. FIRST CLAIM FOR RELIEF
(Individual Claims for FLSA Violations)

44. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

Page 6 of 11
Edwin Tarley, Jr., et al. v. Environmental Specialties International, Inc.
U.S.D.C. (E.D.N.C.) No. 4:22-cv-116
Original Complaint—Collective Action
Case 4:22-cv-00116-M-RJ   Document 1   Filed 09/28/22   Page 6 of 11

45. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

47. Defendant classified Plaintiffs as nonexempt from the requirements of the FLSA.

48. Defendant failed to pay Plaintiffs for all hours worked.

49. Defendant failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week.

50. Defendant knew or should have known that its actions violated the FLSA.

51. Defendant's conduct and practices, as described above, were willful.

52. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

53. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

Page 7 of 11
Edwin Tarley, Jr., et al. v. Environmental Specialties International, Inc.
U.S.D.C. (E.D.N.C.) No. 4:22-cv-116
Original Complaint—Collective Action

Case 4:22-cv-00116-M-RJ   Document 1   Filed 09/28/22   Page 7 of 11

54. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

55. Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

58. Defendant classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

59. Defendant failed to pay Plaintiffs and similarly situated employees for all hours worked.

60. Defendant failed to pay Plaintiffs and similarly situated employees a sufficient overtime premium for all hours worked over forty each week.

61. Defendant deprived Plaintiffs and similarly situated employees of compensation for hours worked over forty per week, in violation of the FLSA.

62. Defendant knew or should have known that its actions violated the FLSA.

63. Defendant's conduct and practices, as described above, were willful.

Page 8 of 11
Edwin Tarley, Jr., et al. v. Environmental Specialties International, Inc.
U.S.D.C. (E.D.N.C.) No. 4:22-cv-116
Original Complaint—Collective Action
Case 4:22-cv-00116-M-RJ   Document 1   Filed 09/28/22   Page 8 of 11

64. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

65. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

66. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Edwin Tarley, Jr., and Ephraim Wreh, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

Page 9 of 11
Edwin Tarley, Jr., et al. v. Environmental Specialties International, Inc.
U.S.D.C. (E.D.N.C.) No. 4:22-cv-116
Original Complaint—Collective Action

Case 4:22-cv-00116-M-RJ   Document 1   Filed 09/28/22   Page 9 of 11

C. Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D. Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E. An order directing Defendant to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**EDWIN TARLEY, JR., and EPHRAIM WREH, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

This 28 day of September 2022.

/s/ *Courtney Harness*
Courtney Harness
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
harness@sanfordlawfirm.com
Mo. Bar No. 56923
Attorney for Plaintiffs

/s/ *Josh Sanford*
Josh Sanford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com
Ark. Bar No. 2001037
Attorney for Plaintiffs

/s/ *Janelle L. Cline*

Page 10 of 11
Edwin Tarley, Jr., et al. v. Environmental Specialties International, Inc.
U.S.D.C. (E.D.N.C.) No. 4:22-cv-116
Original Complaint—Collective Action
Case 4:22-cv-00116-M-RJ   Document 1   Filed 09/28/22   Page 10 of 11

Janelle L. Cline
CLINE LAW GROUP, PLLC
6329 Oleander Drive
Wilmington, North Carolina 28403
Telephone: (910) 661-2012
Facsimile: (910) 338-0557
janelle.cline@clinelawgroupnc.com
State Bar No. 56904
Local Civil Rule 83.1(d) Counsel for Plaintiffs

**Page 11 of 11**
**Edwin Tarley, Jr., et al. v. Environmental Specialties International, Inc.**
**U.S.D.C. (E.D.N.C.) No. 4:22-cv-116**
**Original Complaint—Collective Action**

Case 4:22-cv-00116-M-RJ   Document 1   Filed 09/28/22   Page 11 of 11