IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No.: 4:22-cv-00116-M-RJ

EDWIN TARLEY, JR., and EPHRAIM WREH,
individually and on behalf of all others similarly situated,

          Plaintiffs,

v.

ENVIRONMENTAL SPECIALTIES INTERNATIONAL, INC.,

          Defendant.

## MEMORANDUM IN SUPPORT OF JOINT MOTION
## TO APPROVE SETTLEMENT AND FOR DISMISSAL OF ALL CLAIMS

Edwin Tarley, Jr. and Ephraim Wreh, on behalf of themselves and on behalf of the Opt-In Plaintiff who filed his consent to join the above-captioned lawsuit ("Plaintiffs"), and defendant, Environmental Specialties International, Inc. ("Defendant") (Plaintiffs and Defendant may be jointly referred to as the "Parties"), submit this memorandum in support of the Parties' Joint Motion to Approve Settlement and for Dismissal of All Claims. The Parties represent to the Court that they have resolved the issues in this matter in their entirety and respectfully request: (a) that the Court approve the Parties' Settlement and Release Agreement ("Agreement") under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), and (b) dismiss this lawsuit with prejudice. In support of this motion, the Parties state as follows:

1. **Factual and Procedural Background**

On October 3, 2022, Edwin Tarley, Jr. and Ephraim Wreh filed their "Original Complaint—Collective Action" Complaint (Rec. Doc. 1) against Defendant seeking alleged

unpaid overtime pay, plus liquidated damages and attorneys' fees, for purported violations of the FLSA. Tarley and Wreh worked for Defendant for a little over six (6) weeks, from March 14, 2022, until May 5, 2022. On January 3, 2023, the Defendant filed its Answer to Original Complaint (Rec. Doc. 13) and denied the allegations set forth in the Complaint.

On March 17, 2023, counsel for the parties filed a Joint Motion for Conditional Certification and Notice to Class Members (Rec. Doc. 27), which this Court granted on March 31, 2023 (Rec. Doc. 30). Thereafter, counsel for Plaintiffs provided notice of the lawsuit to the putative collective action members and an explanation of their right to join or refrain from joining the lawsuit. Following Plaintiffs' counsel's sending of the notice of the suit and opt-in-right, Cesar Andrade Lozoria opted-in to the suit and filed his consent to join the lawsuit (Rec. Doc. 31) ("Opt-In"). Lozoria worked for three (3) days (from February 21, 2022 – February 26, 2022) at the site in question.

The lawsuit involved a *bona fide* dispute over whether Defendant failed to properly compensate Plaintiffs (and the Opt-In) for hours worked in excess of forty (40) in a workweek. Specifically, the Parties disputed whether Plaintiffs and Opt-In worked "off-the-clock" (as alleged by Plaintiffs), the amount of any alleged overtime due, whether Defendant's alleged FLSA violations were willful, whether liquidated damages should be assessed, and whether Plaintiffs were entitled to their attorneys' fees. Indeed, Defendant maintains that it did not violate the FLSA in any respect and vigorously contests liability.

The Parties thereafter engaged in good faith discussions regarding a resolution of the suit. At Plaintiffs' counsels' request, counsel for Defendant informally provided timekeeping and payroll records for Tarley, Wreh, and Lozoria. The Parties were thereafter able to reach a negotiated settlement and agreed to enter into a settlement and release agreement, a copy of which

is attached as Exhibit "A" to the Joint Motion to Approve Settlement, in order to avoid the expense and inconvenience of additional litigation. The settlement is the compromise of disputed claims and does not constitute an admission by Defendant of any violation of law.

**2. The Settlement is a Fair and Reasonable Resolution of a Bona Fide Dispute**

    **a.** *Court Approval.*

Although some courts have started to hold that judicial approval of FLSA settlements is not required, most follow *Lynn's Food Stores, Inc. v. U.S.*, 679 F.3d 1350 (11th Cir. 1982). *Lynn's Food* holds that settlements are permissible when negotiated in "an adversarial context," by an attorney "who can protect [employees'] rights under the statute," and when the settlement reflects "a reasonable compromise of disputed issues." Under those conditions, settlements can be approved "to promote the policy of encouraging settlement of litigation." *Id*. at 1354. The Parties respectfully assert that the terms of the settlement the Parties reached is a reasonable compromise of disputed issues.[1] The Parties request that the Court grant their Joint Motion to Approve Settlement Agreement and dismiss this action, with prejudice, as more fully set forth below.

    **b.** *Plaintiffs Were Represented by Capable Counsel.*

In this case, Plaintiffs are former employees of Defendant who alleged they worked "off-the-clock" for Defendant during their six (6) weeks and three (3) days respectively on the job site in question. Lead counsel in this case is Sanford Law Firm, PLLC, a Little Rock, Arkansas firm with extensive national experience in FLSA cases. Local counsel, the Cline Law Group, PLLC, served a vital role in prosecuting this suit and ensuring compliance with all local rules and

---

[1] *See, Morales v. Unique Beginning Caterers Ltd. Liab. Co.*, 2021 WL 5864061, at *2 (D.N.J. 2021)(When a district court is asked to approve a settlement of FLSA claims, the court must determine that "(1) the settlement resolves a bona fide dispute"; (2) the settlement is fair and reasonable to the Plaintiff; and (3) the agreement does not frustrate the implementation of the FLSA in the workplace."

- 3 -
Case 4:22-cv-00116-M-RJ   Document 34   Filed 02/22/24   Page 3 of 8

practices. The Sanford Law Firm has litigated hundreds of FLSA cases across the United States. In this case, the Plaintiffs' counsel researched, drafted, and filed the lawsuit. Thereafter, Plaintiffs' counsel actively participated in the preparation of the proposed scheduling order and joined Defendant's counsel in an early joint motion to stay. Plaintiffs' counsel were also successful in negotiating a conditional certification of the collective following negotiations with counsel for the Defendant and actively participated in the preparation of the conditional certification notice, documents, and opt-in documents. Thereafter, Plaintiffs' counsel provided notice of the suit to the putative collective action plaintiffs and filed with the Court the sole opt-in form. Following the opt-in period, in evaluating the potential liability, Plaintiffs' counsel requested, reviewed, and analyzed timekeeping and payroll records provided by defense counsel and thereafter formulated a formal settlement demand. Plaintiffs' counsel also actively negotiated the terms of the settlement.

    **c.** *A Bona Fide Dispute Exists Between the Parties.*

The Parties' settlement is a fair and reasonable resolution of a bona fide dispute because uncertainty exists with respect to disputes of fact and law. For example, Plaintiffs allege that Defendant changed Plaintiffs' hours in its system to reflect Plaintiffs working less than they actually worked, depriving them of the proper amount of overtime premium for hours worked over 40 each week. In contrast, Defendant denies any wrongdoing or liability, denies that any hours were retroactively adjusted, denies that anyone worked any hours "off-the-clock," and denies that Plaintiffs are entitled to any recovery under any provision of law, including but not limited to the FLSA; assert that Plaintiffs were properly paid for all hours worked in accordance with the FLSA; and assert that Defendants acted in good faith. If Plaintiffs had prevailed in this action, Defendants would have been liable to Plaintiffs for an unpaid overtime premium for hours worked over forty

- 4 -
Case 4:22-cv-00116-M-RJ   Document 34   Filed 02/22/24   Page 4 of 8

(40) in a workweek, in addition to the costs of this litigation; and if Defendants prevailed, then Plaintiffs would have received nothing. Accordingly, the Court should readily conclude a bona fide dispute between the parties existed under the FLSA.

### d. *The Proposed Settlement is Fair and Reasonable.*

Given the bona fide disputes surrounding liability and damages, the Plaintiffs' short tenure and the Opt-In's very short tenure, the Parties believe the settlement is fair and reasonable under the facts and circumstances of this case. The precise terms of the settlement are outlined in the Settlement Agreement filed as an attachment hereto. The settlement was the product of informal discovery and subsequent negotiations between counsel with the consent of the Parties. The settlement has the effect of: (1) providing immediate relief to the Plaintiffs; and (2) eliminating the inherent risks both sides would bear if this litigation continued to trial. Moreover, under these circumstances, a presumption of fairness should attach to the proposed settlement.[2]

The settlement is also reasonable because substantial obstacles exist if litigation continues, and the settlement provides Plaintiffs and the Opt-In immediate relief. The Parties disagree about the merits of Plaintiffs' claims, the viability of Defendants' defenses, and the proper calculation of damages. Without a settlement, the Parties would have engaged in extensive and expensive discovery, including written discovery and depositions, and expensive trial practice over a dispute from February 2022 through the first week of May 2022. Even if Plaintiffs had prevailed on the merits at trial, an appeal to the Fourth Circuit would have likely resulted. Under such a scenario, Plaintiffs would not receive any monetary relief, if any, until years from now. By contrast, the settlement brings immediate benefit to Plaintiffs.

---

[2] *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

Not only does the settlement bring immediate benefit, but it also confers precisely what Plaintiffs sought in this lawsuit: alleged unpaid overtime wages. The specific recovery for each Plaintiff and the Opt-In pursuant to the settlement is based on alleged overtime compensation due each Plaintiff and the Opt-In as determined by Plaintiffs' counsel. Each Plaintiff and the Opt-In to this action is receiving additional unpaid overtime wages he alleges he was owed *and* an equal amount representing liquidated damages. Specifically, Tarley, Wreh, and Lozoria are all are aware of, and agreed to, the specific amounts to be awarded.

As part of the settlement, the Parties have also agreed that Plaintiffs' counsel shall be paid fees and costs. Plaintiffs' counsel were successful in prosecuting this action, including certifying the class and obtaining relief for the named Plaintiffs and the Opt-In Plaintiff who otherwise would likely not have independently recovered any alleged unpaid overtime. The fees set forth in the settlement agreement are justified based on the "lodestar" calculation commonly applied in FLSA cases to determine the amount of reasonable attorneys' fees. In further support for the award of attorneys' fees and costs, Plaintiff's counsel aver that the Sanford Law Firm billed 54.4 hours to this matter, at a blended hourly rate of $248.16. Should the Court require this level of detail, Plaintiff's counsel will provide their billing information.

The terms of the settlement have been approved by Tarley, Wreh, and Lozoria, Plaintiffs' counsel, Defendant, and Defendant's counsel. Tarley, Wreh, and Lozoria entered into the settlement agreement voluntarily and knowingly and fully understand that they are relinquishing their claims in this matter in exchange for the agreed-upon settlement. The Parties agree that the terms of the settlement are reasonable, fair, and just, and they settle all claims in this lawsuit.

## 3. Conclusion

The Parties and their counsel agree that the Settlement Agreement is a reasonable

compromise of the claims alleged by the Plaintiffs in light of the named Plaintiffs and Opt-In plaintiff's short tenure, the procedural posture of the case, the litigation risks, and the costs applicable to both sides. The Parties engaged in arms-length settlement negotiations. Because the Settlement Agreement is a reasonable compromise and adequately compensates the participants for alleged unpaid overtime hours, liquidated damages, and attorneys' fees, the Parties seek entry of the attached agreed order of approval.

*The Parties certify that this Memorandum contains 1,829 words and complies with the Local Rule 7.2(f) word limit requirement.*

This 22nd day of February, 2024.

                                                Respectfully Submitted:

/s/ Josh Sandford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

/s/ Jason D. Cline
Jason D. Cline
N.C. Bar No. 56905
jason@clinelawnc.com
CLINE LAW GROUP, PLLC
6329 Oleander Drive
Wilmington, North Carolina 28403
Telephone: (910) 661-2012
Facsimile: (910) 338-0557
*Local Civil Rule 83.1(d) Counsel for Plaintiffs*

**Attorneys for Plaintiffs**

/s/ A. Edward Hardin, Jr.
A. Edward Hardin, Jr.
La. Bar No. 25079
edward.hardin@keanmiller.com
Erin L. Kilgore
La. Bar No. 32144
erin.kilgore@keanmiller.com
KEAN MILLER LLP
400 Convention Street, Suite 700
Baton Rouge, LA 70802
Telephone: 225.387.0999
Facsimile: 225.388.9133

/s/ Douglas M. Jarrell
Douglas M. Jarrell
N.C. Bar No. 21138
djarrell@robinsonbradshaw.com
Brian L. Church
N.C. Bar No. 39581
bchurch@robinsonbradshaw.com
ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina 28246
Telephone: 704.377.2536
Facsimile: 704.378.4000
*Local Civil Rule 83.1(d) Counsel for Defendant*

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of February, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Douglas M. Jarrell
Douglas M. Jarrell