IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 4:22-cv-00116-M

EDWIN TARLEY, JR., and EPHRAIM
WREH, individually and on behalf of all others
similarly situated,

Plaintiffs,

v.

ENVIRONMENTAL SPECIALTIES
INTERNATIONAL, INC.,

Defendant.

ORDER

This matter comes before the court on the parties' joint motion to approve their settlement under the Fair Labor Standards Act ("FLSA") and dismiss all claims [DE 33].

The requirement that courts must approve settlements of FLSA claims appears nowhere in the statute. However, the Fourth Circuit has explained that "there is a judicial prohibition against unsupervised waiver or settlement of claims" under the FLSA. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007), *superseded on other grounds by regulation*, 73 Fed. Reg. 67987 (Nov. 17, 2008), *as recognized in Whiting v. Johns Hopkins Hosp.*, 416 F. App'x 312, 314 (4th Cir. 2011); *but see Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012). When evaluating proposed FLSA settlement agreements, courts consider whether (1) a bona fide dispute exists concerning the defendant's liability under the FLSA; (2) the settlement is fair and reasonable; and (3) the attorney's fees and costs awarded are reasonable. *Vazquez-Aguilar v. Gasca*, 513 F. Supp. 3d 675, 680 (E.D.N.C. 2021).

After evaluating the settlement and release agreement between the parties, the court finds the agreement to be fair and reasonable and approves the settlement under the Fair Labor

Standards Act.

Accordingly, the parties' joint motion [DE 33] is GRANTED. The instant action is DISMISSED WITH PREJUDICE. Each party to bear their own attorneys' fees and cost (except as otherwise agreed in the Parties Settlement and Release Agreement).

SO ORDERED this 28th day of February, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE